Dionne v. City of Laconia                    CV-99-154-B    05/08/00

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Albert Dionne, et al.**

    **v.**                                        Civil No. 99-154-B
                                                  Opinion No. 2000 DNH 110

**City of Laconia, et al.**


<u>MEMORANDUM AND ORDER</u>


Albert Dionne was arrested and his residence was searched based upon warrants obtained by Laconia Police Detective Jeffrey Sipes. Dionne and Kim Evelyn, who was present when the search was conducted, have sued Detective Sipes, the City, and other police officers who were involved in the arrest and search.[1] They allege that the defendants violated their Fourth Amendment rights because Detective Sipes made material misrepresentations in the affidavits he submitted in support of both warrant applications. They also assert several state law causes of

---

[1] Dionne has sued on his own behalf and on behalf of his two minor children who were present when the search was conducted.

action.  Defendants have moved for summary judgment with respect to the plaintiffs' Fourth Amendment claim.

## I.

On October 16, 1997, while executing a search warrant at the Jolly Jay's Joke Shop ("Joke Shop"), a Laconia Police Department officer recovered a handgun belonging to an employee, Albert Dionne.  Later that day, Detective Jeffrey Sipes performed a criminal record check on Dionne using the Federal Bureau of Investigation's Interstate Identification Database.  The FBI's report stated that Dionne had been found guilty of two felony drug offenses.

Sipes returned to the Joke Shop a few days later and told Dionne that he had learned that Dionne had been convicted of felony drug offenses.  He also informed Dionne that New Hampshire law prohibited him from possessing firearms.  Dionne denied that he was a convicted felon and told Sipes that he had a valid hunting licence and owned several firearms.

After meeting with Dionne, Sipes obtained a certified copy

of Dionne's prior convictions from the Hillsborough County Superior Court.  The conviction records included: (1) a certification from the clerk of court; (2) two indictments charging Dionne with selling marijuana in violation of N.H. Rev.

Stat. Ann. § 318-B; (3) docket entries showing that Dionne had pleaded guilty to both indictments and had been sentenced to a 12-month suspended sentence, a six month term of probation, and a fine of $250; and (4) a contemporaneously executed acknowledgment of rights form in which Dionne stated that he understood that he was pleading guilty to a Class A felony.

Shortly thereafter, Sipes obtained a copy of Dionne's 1997 hunting license. Dionne acknowledged on the license that he understood that New Hampshire law barred a person convicted of certain offenses from possessing a firearm.

Sipes used the information he obtained during his investigation to apply for a warrant to arrest Dionne on a charge of making an unsworn false statement on his hunting license in violation of N.H. Rev. Stat. Ann. § 641:3. He also applied for a warrant to search Dionne's residence. Both applications alleged that Sipes had obtained certified records from the Hillsborough County Superior Court that confirmed Dionne's status as a convicted felon. After the warrants were issued, Dionne was

arrested at the Joke Shop and his residence was searched.

Plaintiff Kim Evelyn and Dionne's two minor children, Seth

Huston, and Alicia Dionne, were present when the search was conducted.

The trial judge dismissed the unsworn false statement charge at trial because he determined that Dionne's prior convictions did not bar him from possessing firearms under New Hampshire law.[2]  New Hampshire law provides that a person may not possess a firearm if he has been convicted of "[a] felony under RSA 318-B." N.H. Rev. Stat. Ann. § 159:3 I(b)(2) (1994).  Dionne committed his drug offenses in 1978.  At that time, N.H. Rev. Stat. Ann. § 318-B:26 provided that a person convicted of selling a controlled drug such as marijuana "shall be guilty of a class A felony if a natural person."[3]  N.H. Rev. Stat. Ann. § 318-B:26 I(a)(2)

_____

[2]  It is a crime under federal law for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm or ammunition."  18 U.S.C. § 922(g) (1994) (emphasis added).  I take no position as to whether Dionne committed a violation of federal law by possessing the firearms in question given his previous convictions for offenses punishable by a term exceeding one year.

[3]  Under current New Hampshire law, a conviction for selling marijuana is punishable by a sentence of at least three years in prison, depending upon the amount of marijuana involved.  See

(1984). The statute, however, contained an exception pursuant to which a drug conviction was to be treated as a misdemeanor if the defendant was sentenced to "conditional discharge or probation; or . . . imprisonment for one year or less, or a fine of $1,000 or less." N.H. Rev. Stat. Ann. § 318-B:28 (1984). The statute specified that if the exception applied, the court's records should reflect that the conviction was being treated as a misdemeanor. Id. Although the legislature repealed the exception in 1988, the trial judge dismissed the unsworn false statement charge because he determined that Dionne's convictions

---

N.H. Rev. Stat. Ann. § 318-B:26 I(b)(6) (Supp. 1999) (sale of more than 5 pounds of marijuana punishable by a sentence of up to 20 years); N.H. Rev. Stat. Ann. § 318-B:26 I(c)(5) (1995 & Supp. 1999) (sale of one ounce or more of marijuana punishable by a sentence of up to 7 years); N.H. Rev. Stat. Ann. § 318-B:26 I(d)(1) (1995) (sale of less than one ounce of marijuana punishable by a sentence of up to 3 years). Offenses punishable by a sentence of more than one year but less than 7 years are classified as Class B felonies and offenses other than murder that are punishable by a sentence in excess of 7 years are classified as Class A felonies. See N.H. Rev. Stat. Ann. § 625.9 III(a) (1996). Accordingly, any conviction under current law for selling marijuana is deemed to be a conviction for a "felony under RSA § 318-B" as that phrase is used in the Felon in Possession of a Firearm statute.

should have been classified as misdemeanors under the since-repealed exception.

II.

Plaintiffs assert that Sipes violated their Fourth Amendment rights by incorrectly stating in the warrant applications that Dionne had been convicted of a felony drug offense.

To maintain a Fourth Amendment claim based upon misrepresentations in a warrant application, a plaintiff must demonstrate either that the defendant knew that his statements were false or that he made the statements with reckless disregard for their truth.  Cf. Franks v. Delaware, 438 U.S. 154, 155-56, 171 (1978) (articulating showing criminal defendant must make to be entitled to evidentiary hearing); United States v. Owens, 167 F.3d 739, 745, 747 (1st Cir.), cert. denied, 120 S.Ct. 224 (1999).  Mere negligence will not support a Fourth Amendment violation.  Cf. Franks, 438 U.S. at 171; Owens, 167 F.3d at 745.

Plaintiffs do not contend that Sipes intentionally misrepresented the nature of Dionne's criminal record.  Instead, they argue that he acted recklessly because: (1) he failed to conduct further research into the significance of the conviction

records in light of Dionne's denial; (2) he failed to consult further with the police prosecutor after obtaining certified copies of the conviction records; and (3) he failed to attach full copies of the records to the warrant applications.  I am unpersuaded by any of these arguments.

It is undisputed that the FBI report stated that Dionne had been convicted of felony drug offenses.  The conviction records that Sipes obtained from the superior court included a waiver of rights form in which Dionne stated that he understood that he was pleading guilty to a felony.  The superior court also failed to note in its records that it intended to treat Dionne's convictions as misdemeanors rather than felonies as it was required to do under New Hampshire law.  Under these circumstances, Sipes did not act recklessly in concluding that Dionne had been convicted of felony drug offenses.  Nor does his failure to make further inquiries constitute the kind of inaction that could give rise to a Fourth Amendment violation.

New Hampshire is free to subject its officials to liability

for making a mistake such as the one that Sipes made in this case.  A non-reckless misstatement in a warrant application, however, will not support a claim for damages based upon federal law.

**III.**

Defendants' motion for summary judgment (doc. no. 8) is granted with respect to plaintiffs' Fourth Amendment claim.  I decline to exercise supplemental jurisdiction over plaintiffs' state law claims.  Accordingly, I remand those claims to state court.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

May 8, 2000

cc:  Michael Iacopino, Esq.
     Donald Gardner, Esq.